UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PATRICK GARCIA, | No. 2:21-cv-00875 AC |
| Plaintiff, | |
| v. | ORDER |
| T. PADGETT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee for this action.

I.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

1  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
2  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
3  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
4  Franklin, 745 F.2d at 1227-28 (citations omitted).

5      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
6  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
7  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
8  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
10  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
11  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
12  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
13  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
14  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain
15  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
16  cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
17  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

18      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
19  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
20  Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
21  content that allows the court to draw the reasonable inference that the defendant is liable for the
22  misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
23  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
24  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
25  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
26  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

27    II.    Complaint
28      At all times relevant to the allegations in the complaint, plaintiff was an inmate at Mule

Creek State Prison. Plaintiff names various correctional officers as well as the prison warden, acting warden, and associate warden as defendants in this action.

Beginning in March 2019, defendant Padgett ordered plaintiff to return to his housing unit instead of waiting in the medical line for his daily medication. This continued for a period of two months resulting in plaintiff's pain and suffering without his needed medication. In response, plaintiff filed an inmate grievance, also known as a 602 form, against defendant Padgett who then started to call plaintiff names. The situation escalated to the point where defendant Padgett was labeling plaintiff as a "punk" and a "snitch" in front of other inmates to try to get plaintiff harmed by other prisoners. Plaintiff also alleges that defendant Padgett delayed his visit with his sister in July 2019 in retaliation for a 602 complaint that was filed against him. When plaintiff complained about this shortened visitation, defendant Padgett conducted a retaliatory search of plaintiff's cell leading to confiscation and destruction of plaintiff's personal property.

Plaintiff further alleges that the remaining defendants conspired with defendant Padgett by failing to preserve videotape evidence or denying plaintiff's inmate grievances about his misconduct.[1] The only specific factual allegations related to this conspiracy occurred during the cell search when "Padgett whispered into M. Vanni's ear and turned and went straight to… [plaintiff's] bed where he commenced to tear all… [plaintiff's] property up." ECF No. 1 at 18. Defendant Kassis refused to return plaintiff's property that was confiscated in the cell search after plaintiff filed a 602 complaint. Later, defendant Sackett denied plaintiff personal property that he had ordered on the basis that he had exceeded his property limit. Plaintiff alleges that this was false and that defendant Sackett conspired with defendant Padgett to deny plaintiff his personal property because they were good friends.

Based on these allegations, plaintiff asserts that defendants violated his First Amendment right to be free from retaliation, his Eighth Amendment right against cruel and unusual punishment, and his Fourteenth Amendment right to due process. By way of relief, plaintiff

---

[1] This conspiracy extends to denying plaintiff's sister access to the citizens complaint form on the CDCR's website based on multiple failed attempts to complain about defendant Padgett's actions related to the July 2019 prison visit between plaintiff and his sister.

seeks compensatory and punitive damages as well as a declaratory judgment that defendants violated his constitutional rights.

### III.     Legal Standards

The following legal standards are provided based on plaintiff's pro se status as well as the nature of the allegations in the complaint.

#### A.  Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

#### B.  Inmate Grievances

The existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). This means that a prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under Section 1983. Buckley, 997 F.2d at 495. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

C. Verbal Threats and Insults

Plaintiff is informed that mere threats or verbal insults which include vulgar language normally do not amount to an actionable Eighth Amendment claim. See Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997) ("the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons" of which "we do not approve," but which do not violate the Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) (it "trivializes the Eighth Amendment to believe a threat constitutes a constitutional wrong.").

D. Property

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

E. Conspiracy

To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights. Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff must also show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy. Id. "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

The federal system is one of notice pleading, however, and the court may not apply a

heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." Id.

### F. First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

## IV.    Claims for Which a Response Will Be Required

Upon conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff may proceed on the Eighth Amendment claims of deliberate indifference to his serious medical needs and safety against defendant Padgett.

## V.    Failure to State a Claim

The complaint does not sufficiently state a First Amendment retaliation claim against defendant Padgett because plaintiff does not allege that his First Amendment rights were actually chilled. In fact, the complaint alleges that plaintiff filed four separate grievances against

defendant Padgett. Absent any chilling effect, plaintiff has failed to state a valid First Amendment retaliation claim against defendant Padgett or any other defendant.

Defendants Covello, Tyler, Holmes, Stacy, Pedersen, Mulford, Rhode, Santos, Naguchi, and Rodriguez de Ayala are sued based on their supervisory duties or their review of plaintiff's inmate grievances. Neither one is a sufficient legal basis to link any of these defendants to the asserted violation of plaintiff's constitutional rights. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). Therefore, the claims against these defendants cannot proceed at this juncture.

According to the complaint, defendant Geringer participated in the search of plaintiff's cell. However, the claims related to the confiscation and destruction of plaintiff's property do not state a claim because the California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Since plaintiff does not allege that he attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. As a result, the claims against defendants Geringer, Vanni, Sackett, and Padgett related to the confiscation and destruction of plaintiff's property are not sufficient to state a claim.

Plaintiff's allegations of a conspiracy amongst all defendants are entirely conclusory. Plaintiff does not allege any facts that would support an inference of an agreement between defendant Padgett and the remaining defendants to violate his constitutional rights. At best, he saw defendant Padgett whisper something to defendant Vanni while conducting a cell search, but he admits in his complaint that he does not know what was said. The complaint contains nothing more than speculation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, the court finds that the allegations in the complaint fail to state a cognizable conspiracy claim against any named defendant.

VI.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable retaliation or due process claims against any defendant nor does it adequately link defendants Vanni, Geringer, Covello, Tyler, Holmes, Stacy, Pedersen, Mulford, Rhode, Santos,

Naguchi, Rodriguez de Ayala, Sacket or Kassis to any violation of plaintiff's constitutional rights. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint to fix these problems if he desires. Plaintiff may proceed forthwith to serve defendant Padgett on his Eighth Amendment deliberate indifference to plaintiff's serious medical needs and safety, or he may amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendant Padgett without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the retaliation, due process, and conspiracy claims as well as all claims against defendants Vanni, Geringer, Covello, Tyler, Holmes, Stacy, Pedersen, Mulford, Rhode, Santos, Naguchi, Rodriguez de Ayala, Sackett and Kassis.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not.  You have a choice to make.  You may either (1) proceed immediately on the Eighth Amendment claims of deliberate indifference to your serious medical needs and safety against defendant Padgett and voluntarily dismiss the other claims or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice the remaining claims and defendants.  If you choose to file an amended complaint, it must include all claims you want to bring.  Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the first amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Vanni, Geringer, Covello, Tyler, Holmes, Stacy, Pedersen, Mulford, Rhode, Santos, Naguchi, Rodriguez de Ayala, Sackett, and Kassis do not state claims for which relief can be granted.  Nor has plaintiff stated a valid First Amendment retaliation, due process, or conspiracy claim against defendant Padgett.

2. Plaintiff has the option to proceed immediately on the Eighth Amendment claims of deliberate indifference to his medical needs and safety against defendant Padgett, or to amend the complaint.

////

3.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the remaining claims and defendants.

DATED: December 20, 2023

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PATRICK GARCIA,<br><br>            Plaintiff,<br><br>     v.<br><br>T. PADGETT, et al.,<br><br>            Defendants. | No.  2:21-cv-00875-AC<br><br>NOTICE OF ELECTION |

        Check one:

_____ Plaintiff wants to proceed immediately on the Eighth Amendment claims of deliberate indifference to his medical needs and safety against defendant Padgett.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice the remaining claims and defendants pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants to amend the complaint.

DATED:_____

                                                                William Patrick Garcia
                                                                Plaintiff pro se

1